## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE:

**CASE NO.: 6:21-bk-00002-KSJ**
**CHAPTER 7**

**Merna D Denton,**

   **Debtor.**

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY
### (*Final Judgment of Foreclosure Obtained*)

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Secured Creditor, PHH Mortgage Corporation as servicer for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB1, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause,

and, in support thereof, states the following:

1. Debtor, Merna D Denton, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on January 4, 2021.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

4. Secured Creditor filed a foreclosure complaint against the Debtor(s) on March 29, 2018 in the Circuit Court for the Eighteenth Judicial Circuit in and for Seminole County, Case Number: 2018-CA-000817-14H-W, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

   **LOT 15, TIMACUAN UNIT 11, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGES 60 THROUGH 61, INCLUSIVE, IN THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.**

   This property is located at the street address of: 342 Chinook Circle, Lake Mary, Florida 32746.

5. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on February 21, 2020 in the amount of $544,533.77. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

6. The appraised value of the property is $488,344.00. See Exhibit **"B"** which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. Based upon the Debtor(s)' schedules, the property is surrendered. The Trustee has not abandoned the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured

Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

12. A Proposed Order accompanies this Motion.  See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
By: /s/ Christopher P. Salamone
Christopher P. Salamone, Esquire
Florida Bar Number 75951
Email: csalamone@raslg.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 11, 2021, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via

CM/ECF or United States Mail to the following parties:

Merna D Denton
6340 Windsor Lake Circle
Sanford, FL 32773

Marie F Benjamin
Marie F. Benjamin, Attorney at Law
Post Office Box 901
Sanford, FL 32772

Lori Patton
Law Office of Lori Patton, PA
PO Box 520547
Longwood, FL 32752

U.S. Trustee
United States Trustee - ORL7/13
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

           Robertson, Anschutz, Schneid, Crane & Partners,
           PLLC
           Attorney for Secured Creditor
           6409 Congress Ave., Suite 100
           Boca Raton, FL 33487
           Telephone: 561-241-6901
           Facsimile: 561-997-6909
           By: /s/ Christopher P. Salamone
           Christopher P. Salamone, Esquire
           Florida Bar Number 75951
           Email: csalamone@raslg.com

# EXHIBIT "A"

Grant Maloy, Clerk Of The Circuit Court & Comptroller Seminole County, FL
Inst #2020020679 Book:9543 Page:1612-1619, (8 PAGES) RCD: 2/25/2020 8:34:56 AM
REC FEE $0.00

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE No.: 2018CA000817

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, FOR THE C-BASS MORTGAGE
LOAN ASSET-BACKED CERTIFICATES,
SERIES 2007-CB1,
    **Plaintiff,**

**vs.**

UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER OR AGAINST THE ESTATE
OF NEVIL L. DENTON A/K/A NEVIL LLOYD
DENTON A/K/A NEVIL DENTON, DECEASED,
WHETHER SAID UNKNOWN PARTIES CLAIM
AS SPOUSES, HEIRS, DEVISEES, GRANTEES,
ASSIGNEES, CREDITORS, TRUSTEES, OR
OTHER CLAIMANTS; MERNA D. DENTON
A/K/A MERNA DOREEN DENTON A/K/A
MERNA DENTON A/K/A M. D. DENTON F/K/A
MERNA DOREEN DUNBAR; TIMACUAN
COMMUNITY SERVICES ASSOCIATION, INC.;
UNKNOWN TENANT #1; UNKNOWN TENANT
#2; ANY AND ALL UNKNOWN PARTIES
CLAIMING BY, THROUGH, UNDER, AND
AGAINST THE HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN TO
BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS, DEVISEES,
GRANTEES, OR OTHER CLAIMANTS,
    **Defendant(s).**

_____/

## FINAL JUDGMENT OF FORECLOSURE

  THIS CAUSE having come before this Court on February 21, 2020 for a Non-Jury Trial

and the Court having received testimony, evidence and legal argument from the parties present

and the Court being otherwise fully advised, it is

  ORDERED AND ADJUDGED:

1

1.      The Promissory Note which is the subject matter of the above-entitled cause is reestablished and shall have the effect of the original immediately upon recording of this judgment.

2.      The copy of the Promissory Note re-established by paragraph 1 above of this judgment is attached to the initial complaint and incorporated in this judgment.

3.      The Mortgage Note is hereby re-established pursuant to Florida Statutes §673.3091. Pursuant to Florida Statute 702.11(1), Plaintiff hereby agrees to indemnify Defendant, NEVIL L. DENTON A/K/A NEVIL LLOYD DENTON A/K/A NEVIL DENTON, DECEASED, against any future attempt by a third party to enforce the lost or destroyed promissory note.

4.      This Court has jurisdiction of the subject matter hereof and the parties hereto.  The Plaintiff has established by competent proof the allegations of the Complaint, and the equities of the action are with the Plaintiff.

5.      Plaintiff is entitled to foreclosure of its mortgage lien and said lien is prior in date and superior in dignity to the right, title, interest, claim, lien and demand of the defendants herein upon the mortgaged property herein foreclosed, to wit:

**LOT 15, TIMACUAN UNIT 11, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGES 60 THROUGH 61, INCLUSIVE, IN THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.**

and all fixtures and personal property located therein or thereon, which are included as security in Plaintiff's mortgage, and all rent monies sequestered with the Clerk of Court in the above entitled cause, which are secured by Plaintiff's mortgage.

6.      There are due to Plaintiff the following sums:

| | |
|---|---|
| Principal | $474,195.54 |
| Interest from 4/1/2015 through 2/21/2020 | $ 37,905.09 |
| Pre Acceleration Late Charges | $    447.95 |
| Escrow Advance | $ 20,993.32 |
| **Subtotal:** | **$533,541.90** |

2

| | | |
|---|---|---|
| Attorney's Fee | $ | 7,414.50 |
| **Court costs** (Title/Lien Search, Clerk's Filing Fee, Service) | $ | 3,147.19 |

|  |  |
|---|---|
| *Clerk's Filing Fee:* | *$1,905.00* |
| *Service of Process:* | *$266.00* |
| *FL E-File:* | *$126.19* |
| *Publication:* | *$300.00* |
| *Guardian Ad Litem:* | *$550.00* |

**Other**

| | | |
|---|---|---|
| Property Inspections | $ | 585.50 |
| BPO | $ | 85.00 |
| Title Search | $ | 300.00 |
| **Subtotal:** | | **$545,074.09** |
| | | |
| LESS: Suspense Balance | $ | (540.32) |
| **TOTAL** | | **$544,533.77** |

**\*Given the amount of the fees requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the amount of attorney's fees herein are reasonable.**

7.      If the total sums of money found to be due herein to Plaintiff and all costs of this proceeding incurred after date of this judgment, including interest hereon, are not forthwith paid, then the Clerk of this Court shall sell the mortgaged property at public sale at 11:00 a.m. on the 25 day of _June_, 202 0, to the highest bidder or bidders for cash at the  Seminole County Courthouse, 301 N. Park Avenue, Sanford, FL 32771, after having first given notice as required by Section 45.031, Florida Statutes.  The Clerk of this Court shall not conduct a sale pursuant to this judgment unless the Plaintiff or its representative is present to bid at the sale.

8.      If the successful bidder fails to pay the bid in cash in full to the Clerk by 2:00 p.m. on the day of the scheduled sale, the Clerk of the Court shall re-advertise the sale as provided in Florida Statute 45.031(2) and pay all costs of the sale from the deposit and apply any remaining funds therefrom toward the judgment.

9.      Plaintiff shall advance the cost of publishing the Notice of Sale, and Plaintiff shall be reimbursed therefor by the Clerk out of the proceeds of the sale if Plaintiff shall not become the

3

purchaser of the property at the sale. The purchaser at the sale shall pay, in addition to the amount bid, the Clerk's fee and the documentary stamps to be affixed to the Certificate of Title.

10.     Plaintiff may bid at the sale, and if Plaintiff is the purchaser at the sale, the clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such portion thereof as may be necessary to pay Plaintiff's bid. If Plaintiff shall be the purchaser at the sale, the Clerk is hereby directed to deliver to Plaintiff the original note and mortgage received as evidence in this cause.

11.     Upon issuance of a Certificate of Title by the Clerk of this Court, the Clerk shall also distribute the proceeds of the sale, so far as they are sufficient, by paying in the following order:

A.     All costs and expenses of these proceedings subsequent to entry of this judgment, including the cost of publishing the notice of sale and the Clerk's fee ($70.00) for making the sale (unless the Plaintiff, having already paid for those two items of costs, shall be the purchaser at the sale) the cost of the state documentary stamps affixed to the Certificate of Title (based on the amount bid for the property) and , to Plaintiff's attorney, the fee herein above allowed as Plaintiff's attorney fee.

B.     The total sum due Plaintiff, less the items paid above, plus interest from the date of this judgment to the date of payment to Plaintiff at the rate established by the Comptroller of the State of Florida pursuant to Florida Statute 55.03(1).

C.     The remaining proceeds, if any, shall be retained by the Clerk pending further order of the Court. If the total amount realized shall not be sufficient to pay all sums due Plaintiff under this judgment, the Clerk shall pay first those specified in paragraph 8(A) and shall pay the balance to Plaintiff.

4

Book 9543 Page 1616
Instrument# 2020020679

12.     The Clerk is directed to forthwith pay to Plaintiff all sums held by it in the Court Registry in connection with the above-entitled action sufficient to pay all sums due Plaintiff under this judgment.  Upon Plaintiff's receipt of the disbursed sums, the amount found due Plaintiff in this judgment will be reduced by the amount of that disbursement.  The Clerk's check for the disbursement shall be made payable to Plaintiff and delivered to Plaintiff's attorney, McCabe, Weisberg & Conway, LLC, Suite 1000, 500 S. Australian Avenue, West Palm Beach, Florida, 33401.

13.     Upon the filing of a Certificate of Sale by the Clerk of the Court, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens shall be forever foreclosed of and from all right of redemption and all other right, title, interest, equity, claim, estate and demand in or to the mortgaged property, except as to claims or rights under Chapter 718 or 720, Florida Statutes, if any.  Upon issuance of a Certificate of Title, the Clerk of this Court is hereby ordered and directed to forthwith issue a Writ of Possession and the purchaser at the judicial sale, or his its representatives or assigns shall be let into immediate possession of the property.

14.     If, subsequent to the date hereof, and prior to the sale, Plaintiff shall be required to advance any monies to protect its mortgage lien, or if Plaintiff pays fees determined by any Court order to be due for the services of any attorney ad litem, administrator ad litem or guardian ad litem who has been appointed by the Court to represent the interest of any defendant in the above-entitled cause, then Plaintiff or its attorney shall so certify to the Clerk of this Court and the amount due Plaintiff in this judgment shall be increased by, and shall include, the amount of such advances without further order of this Court.

15.     The Court retains jurisdiction of this action to enter further orders as are proper,

5

Book 9543 Page 1617
Instrument# 2020020679

including, without limitation, the taxing of Plaintiff's reasonable attorney's fees, re-foreclosure actions against omitted parties or unknown parties and/or supplemental actions.

16.    If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sales proceeds pursuant to this final judgment.

17.    Plaintiff reserves the right to assign its right to bid at auction sale to any other entity. Court approval of the assignment of bid is not required

18.    The rights and interests of the parties and anyone acquiring title to the mortgaged property at foreclosure sale are subject to and governed by §83.561, Florida Statutes.

If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Clerk no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.

**If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Clerk of the Court of Seminole County, Florida, at Seminole County Courthouse, 301 N. Park Avenue, Sanford, FL 32771, within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the Clerk has in registry of the Court. If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property**

6

Book 9543 Page 1618
Instrument# 2020020679

or the equity in your property without the proper information.  If you cannot afford to pay an attorney, you may contact Community Legal Services of Mid-Florida, Inc., 315 Magnolia Avenue, Sanford, FL 32771, (407) 322-8983, to see if you qualify for their services.  If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options.  If you choose to contact Community Legal Services of Mid-Florida, Inc., 315 Magnolia Avenue, Sanford, FL 32771, (407) 322-8983, for assistance, you should do so as soon as possible after receipt of this notice.

DONE AND ORDERED in Open Court at Sanford, Seminole County, Florida, this _____ day of February, 2020.

_____
Circuit Judge

Copies furnished to all parties
on the attached Service List.

### SERVICE LIST
Case No.: 2018CA000817

Unknown Parties Claiming By, Through, Under Or Against The Estate Of Nevil L. Denton A/K/A Nevil Lloyd Denton A/K/A Nevil Denton, Deceased, Whether Said Unknown Parties Claim As Spouses, Heirs, Devisees, Grantees, Assignees, Creditors, Trustees, Or Other Claimants
342 Chinook Circle
Lake Mary, Florida 32746

Ben Zaeri, Esq.
Zaeri & Associates, P.A.
320 Piney Ridge Road
Casselberry, FL 32707
ben@zaerilaw.com
filings@zaerilaw.com
Attorney for Defendant, Merna D. Denton A/K/A Merna Doreen Denton A/K/A Merna Denton A/K/A M. D. Denton F/K/A Merna Doreen Dunbar

Unknown Tenant #1 N/K/A Greg Fraiser
342 Chinook Circle
Lake Mary, Florida 32746

Unknown Tenant #2 N/K/A Naquisha Lyons
342 Chinook Circle
Lake Mary, Florida 32746

7

Book 9543 Page 1619
Instrument# 2020620679

Hurley, Rogner, Miller, Cox & Waranch, P.A.
Scott D. Newsom, Esq.
Attorney for Defendant, Timacuan Community Services Association, Inc.
1560 Orange Avenue, Suite 500
Winter Park, Florida 32789
Email: snewsom@hrmcw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
McCabe, Weisberg & Conway, LLC
500 S. Australian Avenue, Suite 1000
West Palm Beach, FL 33401
Primary Email: FLpleadings@mwc-law.com

61467
Attorney



**MORTGAGE**

PHH Mortgage Services                                                    Tel 877-688-7116
1 Mortgage Way                                                          Fax 856-917-8003
Mt. Laurel NJ 08054

# **IMPORTANT NOTICE**

Upon written request, PHH Mortgage Services will provide the following information regarding the subject loan:

* A copy of the payment history through the date the account was last less than 60 days past due.
* A copy of the note.
* If foreclosure has been commenced or a POC has been filed, copies of any assignments of mortgage or deed of trust required to demonstrate the right to foreclose on the borrower's note under applicable state laws.
* The name of the investor that holds the loan.

Requests for this information/documentation can be sent to us at the following address:

PHH Mortgage Services
Mailstop SBRP
PO Box 5469
Mt. Laurel, NJ 08054

This notice is being provided for informational and compliance purposes only. It is not an attempt to collect a debt.

# EXHIBIT "B"



### Property Record Card

Parcel: 04-20-30-511-0000-0150
Property Address: 342 CHINOOK CIR LAKE MARY, FL 32746

## Parcel Information

| | |
|---|---|
| Parcel | 04-20-30-511-0000-0150 |
| Owner(s) | DENTON, MERNA |
| Property Address | 342 CHINOOK CIR LAKE MARY, FL 32746 |
| Mailing | 6340 WINDSOR LAKE CIR SANFORD, FL 32773-5755 |
| Subdivision Name | TIMACUAN UNIT 11 |
| Tax District | M1-LAKE MARY |
| DOR Use Code | 01-SINGLE FAMILY |
| Exemptions | |

## Value Summary

| | 2021 Working Values | 2020 Certified Values |
|---|---|---|
| Valuation Method | Cost/Market | Cost/Market |
| Number of Buildings | 1 | 1 |
| Depreciated Bldg Value | $412,154 | $403,635 |
| Depreciated EXFT Value | $1,190 | $1,260 |
| Land Value (Market) | $75,000 | $75,000 |
| Land Value Ag | | |
| Just/Market Value ** | $488,344 | $479,895 |
| Portability Adj | | |
| Save Our Homes Adj | $0 | $0 |
| Amendment 1 Adj | $0 | $0 |
| P&G Adj | $0 | $0 |
| Assessed Value | $488,344 | $479,895 |

| | |
|---|---|
| Tax Amount without SOH: | $7,019.57 |
| 2020 Tax Bill Amount | $7,019.57 |
| Save Our Homes Savings: | $0.00 |

## Legal Description

LOT 15
TIMACUAN UNIT 11
PB 52 PGS 60 & 61

## Taxes

| Taxing Authority | Assessment Value | Exempt Values | Taxable Value |
|---|---|---|---|
| SJWM(Saint Johns Water Management) | $488,344 | $0 | $488,344 |
| CITY LAKE MARY | $488,344 | $0 | $488,344 |
| COUNTY GENERAL FUND | $488,344 | $0 | $488,344 |
| Schools | $488,344 | $0 | $488,344 |

## Sales

| Description | Date | Book | Page | Amount | Qualified | Vac/Imp |
|---|---|---|---|---|---|---|
| PROBATE RECORDS | 11/1/2015 | 08587 | 1754 | $100 | No | Improved |
| WARRANTY DEED | 7/1/1998 | 03480 | 0736 | $289,200 | Yes | Improved |
| SPECIAL WARRANTY DEED | 9/1/1997 | 03300 | 1495 | $625,000 | No | Vacant |

## Land

| Method | Frontage | Depth | Units | Units Price | Land Value |
|---|---|---|---|---|---|
| LOT | | | 1 | $75,000.00 | $75,000 |

## Building Information

| # | Description | Year Built Actual/Effective | Fixtures | Bed | Bath | Base Area | Total SF | Living SF | Ext Wall | Adj Value | Repl Value | Appendages | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | SINGLE FAMILY | 1998 | 14 | 4 | 4.0 | 2,430 | 4,683 | 3,543 | CB/STUCCO FINISH | $412,154 | $450,442 | Description | Area |
| | | | | | | | | | | | | SCREEN PORCH FINISHED | 233.00 |

| | | | | | | | | | OPEN PORCH FINISHED | 40.00 |
| | | | | | | | | | GARAGE FINISHED | 867.00 |
| | | | | | | | | | UPPER STORY FINISHED | 1113.00 |

## Permits

| Permit # | Description | Agency | Amount | CO Date | Permit Date |
|---|---|---|---|---|---|
| 00979 | REROOF | Lake Mary | $20,000 | | 6/27/2016 |
| 01024 | 150 AMP SERVICE (ELECTRICAL); PAD PER PERMIT 342 CHINOOK CIR | Lake Mary | $4,500 | | 5/1/1998 |
| 00927 | 2 UNITS 4 & 3 TONS, 5 KW EACH; PAD PER PERMIT 342 CHINOOK CIR | Lake Mary | $5,894 | | 4/1/1998 |
| 00425 | 6' BRICK WALL; PAD PER PERMIT 342 CHINOOK CIR | Lake Mary | $5,000 | | 3/1/1998 |
| 00599 | 200 AMP SERVICE; PAD PER PERMIT 342 CHINOOK CIR | Lake Mary | $0 | | 3/1/1998 |
| 00498 | PLUMBING; PAD PER PERMIT 342 CHINOOK CIR | Lake Mary | $0 | | 3/1/1998 |
| 00308 | 4629 SQ FT; PAD PER PERMIT 342 CHINOOK CIR | Lake Mary | $189,789 | 8/5/1998 | 2/1/1998 |

Permit data does not originate from the Seminole County Property Appraiser's office. For details or questions concerning a permit, please contact the building department of the tax district in which the property is located.

## Extra Features

| Description | Year Built | Units | Value | New Cost |
|---|---|---|---|---|
| FIREPLACE 2 | 6/1/1998 | 1 | $1,190 | $2,800 |

## Zoning

| Zoning | Zoning Description | Future Land Use | FutureLandUseDescription |
|---|---|---|---|
| PUD | | LDR | Low Density Residential |

**EXHIBIT "C"**

## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE:                                                  CASE NO.: 6:21-bk-00002-KSJ
                                                        CHAPTER 7

**Merna D Denton,**

    **Debtor.**

_____/

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

THIS CASE came on consideration without a hearing on PHH Mortgage Corporation as servicer for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB1's ("Secured Creditor") Motion for Relief from Stay (Docket No. ##).  No appropriate response has been filed in accordance with Local Rule 2002-4.  Accordingly, it is:

**ORDERED:**

1

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 342 Chinook Circle, Lake Mary, Florida 32746 in Seminole County, Florida, and legally described as:

   **LOT 15, TIMACUAN UNIT 11, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGES 60 THROUGH 61, INCLUSIVE, IN THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.**

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5. Attorneys' fees in the amount of $350.00 and costs in the amount of $188.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.

### 

Attorney, Christopher P. Salamone, Esquire, is directed to serve a copy of this order on interested parties that do not receive electronic service via CM/ECF and file a proof of service within 3 days of entry of the order.